```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


BENNIE GRAY, JR.                 :
                                 :          PRISONER
     v.                          :  Case No. 3:07cv1097(PCD)
                                 :
COMMISSIONER OF CORRECTION       :
```

### RULING ON RESPONDENT'S MOTION TO DISMISS
### PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Bennie Gray, Jr., an inmate confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for manslaughter with a firearm on the grounds that his plea was involuntary, he was afforded ineffective assistance of counsel and the state habeas court violated his right to due process. The respondent moves to dismiss the petition. For the reasons that follow, the respondent's motion will be granted.

I.  Discussion

The respondent moves to dismiss the petition as filed beyond the limitations period. In support of her motion, the respondent has submitted copies of the relevant state court documents. The court takes judicial notice of the documents and the state court docket sheets.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus

challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

Gray was sentenced on November 18, 1998.  See Resp't's Mem., Doc. #16-2, App. A.  Under Connecticut law, he had twenty days, or until December 7, 1998, to file a direct appeal of his conviction.  See Conn. Practice Bk. § 63-1.

Gray did not file a direct appeal.  Once the time for filing a direct appeal to the Connecticut Appellate Court expired without a direct appeal being filed, the possibility of petitioning the United States Supreme Court for certiorari became moot.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court).  Thus, his conviction became final on December 7, 1998.  The limitations period began to run the following day.

The limitations period was tolled 324 days later, on October

28, 1999,[1]  when Gray filed his first petition for writ of habeas corpus in state court.  The state court granted Gray's petition for certification on August 14, 2000.  See Resp't's Mem., Doc. #16-2, App. D.  Seven days earlier, however, Gray filed a second petition for writ of habeas corpus in state court.  See Resp't's Mem., Doc. #16-2, App. G.  Thus, the limitations period remained tolled.

The state court denied Gray's petition for certification to appeal the denial of the second state habeas petition on October 18, 2001.  See id.  Gray did not appeal the denial of certification.  Thus, the limitations period began to run again on November 7, 2001, at the expiration of the time within which Gray could have filed an appeal.  At this time, there were 41 days remaining in the limitations period.

On January 25, 2002, Gray filed a third petition for writ of habeas corpus in state court.  See Resp't's Mem., Doc. #16-2, App. J.  The limitations period, however, had expired on

---

[1]The Second Circuit considers a complaint or petition to be filed in federal court on the day the inmate gives the document to prison officials for mailing.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  This prison mailbox rule has not been adopted by the Connecticut state courts.  See Hastings v. Commissioner, 82 Conn. App. 500, 604, 847 A.2d 1009, 1012 (2004) (declining to adopt prison mailbox rule).  Thus, Gray's state habeas petition was not filed until it was received by the state court.

December 18, 2001.  Accordingly, Gray is barred by the federal limitations period from obtaining federal review of his claims.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  Gray has not offered any reason why the limitations period should be tolled.  In his opposition to respondent's motion, he addresses only the time that the third state habeas petition was pending.  He does not argue that any of the time prior to the filing of the third state petition should be equitably tolled.  Thus, the court concludes that the current federal petition is time-barred.

II.  Conclusion

The respondent's motion to dismiss [**doc. #16**] is **GRANTED**. The court concludes that jurists of reason would not find it debatable that Gray timely filed this petition.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason

would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

**SO ORDERED** this ___19th___ day of December, 2007, at New Haven, Connecticut.

                                                    ___/s/___  
                                                  Peter C. Dorsey  
                                                  United States District Judge