UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2008 MAY 23 P 2: ?
U.S. DISTRICT COURT
CT

| | | |
|---|---|---|
| BENNIE GRAY, JR. | : | |
| V. | : | Case No. 3:07cv1097(PCD) |
| COMMISSIONER OF CORRECTION | : | April 21, 2008 |

## MOTION FOR RECONSIDERATION

The Petitioner comes now asking for reconsideration in the above case, on this Court's "Ruling on Respondent's Motion To Dismiss Petition For Writ Of Habeas Corpus," dated December 19, 2007, based on a recent ruling by Judge Stefan R. Underhill, on April 9, 2008.

After the Petitioner filed a second federal petition for writ of habeas corpus, dated January 31, 2008, the Honorable Judge Underhill, at Bridgeport District Court, ruled deeming the second petition a "motion to reopen," pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The matter was then transferred back to this Court for consideration on the same date.

The Petitioner asks that the Court do that at this time.

### BRIEF HISTORY

On July 20, 2007, the Petitioner filed his first application for a federal writ of habeas corpus.

On November 23, 2007, the Respondent filed a motion to dismiss the application stating that the 1-year limitation period had expired approximately 45 days before the Petitioner filed his first application for a federal writ of habeas corpus.

On December 19, 2007, that motion to dismiss was granted by this Court (Dorsey, J.).

On January 31, 2007, the Petitioner filed a second application for a federal writ of habeas corpus raising grounds for equitable tolling of the statute of limitations on his first federal habeas petition (specifically, the discovery of new evidence), and also explains why he did not raise these arguements in his first federal habeas proceeding.

On March 28, 2008, the Respondent filed a Motion to Transfer Petition to the U.S. Court of Appeals.

On April 8, 2008, that motion was dismissed by the Judge Underhill, and the second petition was deemed a "motion to reopen" pursuant to Rule 60(b), and transferred to this Court (Dorsey, J.) for consideration.

## ARGUMENT

The Petitioner states with a great deal of humility and "emphasis" that he is not very skilled or learned in the area of federal laws and procedures. The Petitioner asks that this Court please take that in consideration, as well, when reviewing this motion.

On November 23, 2007, when the Petitioner filed his Rebuttal to the Respondent's Motion to Dismiss, he was not familiar with AEDPA or 28 U.S.C. § 2244(d). Connecticut prisoners are not provided this information through a law library or any other alternative source of knowledge, such as, legal assistance (see Attachments A and B.). Therefore the Petitioner was not aware that the 1-year limitation may have expired, and if so, he had to provide a reason for equitable tolling.

The Petitioner believes he can show that his first application for a federal writ of habeas corpus may not have been time barred and, if so, he can give a reasonable reason why equitable tolling should be applied to his situation:

1. <u>Petitioner's Petition For Writ Of Habeas Corpus May Not Have Been Time Barred.</u>

In the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, filed November 21, 2007, the Respondent stated that: "Under 28 U.S.C. §2244(d)(1)(A), a petitioner has one year from 'the date on which the judgement became final by conclusion of direct review or the expiration of the time for seeking such review' to file a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254," and claimed, accordingly, that the time limitation expired on the Petitioner prior to the date he filed his petition.

The Respondent's position is true in some cases, but not in all, and not in this case. There are (4) different subsections under 28 U.S.C. §2244(d) that may be applied differently on a case by case basis. With that said, it is important to determine which subsection is applicable to each case before moving further in the proceedings.

The Petitioner argues that 28 U.S.C. §2244(d)(1)(A) does not apply to his claim in his petition because subsection (A) is not appropriate for his situation.

The appropriate section and subsection relavent to the Petitioner's claim is 28 U.S.C. §2244(d)(1)(D), which states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Petitioner's claim in the federal petition for writ of habeas corpus is that when the State habeas court found that the Petitioner did not understand

the direct consequences of his plea bargain agreement, but failed to grant relief, resulted in a decision that was contrary to Federal law and involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

The Petitioner's claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence because on July 23, 2004, the State habeas judge made a finding that the Petitioner was mislead as to the direct consequences of his plea. At no time prior had this <u>finding of fact</u> been made available by the State courts and it is the soul basis for the Petitioner's claim in the federal petition for habeas corpus.

Now with this information available to this Court, the question is which subsection is more applicable, subsection (A) or (D)?

2. <u>Equitable Tolling Should Be Applied</u>

In the State court proceedings, the Petitioner was granted permission to go forward on a third state habeas petition based on the discovery of new evidence not available to him. That State petition was filed January 25, 2002. The result of that hearing, based on newly discovered evidence, rendered a decision that brought rise to this federal petition for writ of habeas corpus.

The Petitioner was properly before the State court, when the <u>factual predicate</u> of his claim was made available to him, and submits that it seems that 28 U.S.C. § 2244 (d)(1)(D) should be the appropriate statute and subsection used to determine the correct triggering date for the filing of his federal habeas petition. Otherwise, the Petitioner could be defaulted from presenting his constitutional claim for circumstances totally outside of his control.

The Petitioner can show based on the information above and additional information, if necessary, that the factual predicate upon which his claim within his application for writ of habeas corpus is based was not available to him at no sooner date, and did not come into existance until

-4-

July 23, 2004 (the date the State habeas court filed its memorandum of decision), and no amount of diligence, on the part of the Petitioner, could have brought it into existance any sooner.

The Petitioner's petition rests on an erroneous decision made by the State court, and the Petitioner would not be before this Court on an application for writ of habeas corpus if it had not been for the unlawfully unfair decision by the State court, that is clearly in conflict with established Federal law. For this reason equitable tolling should be applied in this case.

July 23, 2004, was the date the <u>finding of fact</u> was made available to the Petitioner. The Petitioner appealed the State habeas court's decision, not to grant the writ. The State appeal was denied on February 6, 2007, and the Petition for Certification was denied by the State Supreme Court on June 5, 2007. The Federal Habeas Petition was filed July 20, 2007.

Wherefore, After reviewing the foregoing motion, the Petitioner asks the Court to reconsider his prior ruling, to grant the Respondent's motion to dismiss and permit the Petitioner to move forward in the proceedings; to an evidentary hearing.

Respectfully submitted,
PETITIONER

Bennie Gray Jr.
#259596
CRCI
P.O. Box 1400
Enfield, CT 06082-1400

## ORDER

After reviewing the foregoing motion, it is hereby GRANTED/DENIED by the Court:

_____
DISTRICT JUDGE

## CERTIFICATION

I hereby certify that a copy of this document was mailed to Senior Assistant State's Attorney, David M. Kutzner, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067, on this 21st day of May, 2008.

*B. Gray* (signature)
BENNIE GRAY, JR.
PETITIONER

Attachment- A

**LAW OFFICES
OF
SYDNEY T. SCHULMAN**

<u>Administrative Director</u>
Sydney T. Schulman, Esq.

<u>Managing Attorney</u>
Jane Starkowski

**INMATES' LEGAL ASSISTANCE PROGRAM**

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Caulfield

January 15, 2008

Mr. Bennie Gray, Jr.
#259596
Osborn CI
335 Bilton Road
P.O. Box 100
Somers, CT 06071

Dear Mr. Gray:

Thank you for your letter, which is dated January 8 and was received January 11, 2008.

In answer to your question, Inmates' Legal Assistance Program does not provide help in regard to petitions for writs of habeas corpus in federal court. Our contract with the State of Connecticut limits us to providing assistance in regard to civil legal matters dealing with conditions of confinement only. We are precluded from providing advice on any issue of criminal law or assistance on any matter related to an inmate's criminal case. Since a federal petition for writ of habeas corpus relates to your criminal case, we are precluded from provding help in regard to it.

If we can be of assistance in regard to any civil legal matter dealing with the conditions of your confinement, please do not hesitate to contact us.

Very truly yours,

Richard P. Cahill
Attorney at law

Attachment - B



# University of Connecticut
## School of Law

Legal Clinic

Todd D. Fernow
*Director, Clinical Programs*
*Professor of Law*

Jon Bauer
*Clinical Professor of Law*

Timothy H. Everett
*Clinical Professor of Law*

Diana L. Leyden
*Clinical Professor of Law*

James H. Stark
*Professor of Law*

Michelle K. Caldera
William R. Davis
*Clinical Fellow*

Carmen Arroyo
*Administrative Assistant*

February 20, 2008

Bennie Gray
Inmate # 259596
Osborne C.I.
335 Bilton Rd..
Somers, CT 06071

RE: Your letter dated January 8, 2008

Dear Mr. Gray:

    Recently the UCONN Criminal Clinic received an unsolicited letter from you. Unfortunately the Criminal Clinic cannot provide you with representation or legal advice in the habeas corpus case that you described in your letter. We handle trial and appellate cases primarily. We lack the resources to take habeas corpus cases that involve very serious offenses and that require great effort by counsel if success is to be procured. Because ours is a teaching clinic, we handle relatively few cases so that students can provide legal assistance to clients under close faculty supervision. Unfortunately, we are unable to offer our limited legal resources to most of the people who write us for legal help. I wish you good fortune with your case.

Sincerely,

*Timothy H. Everett*

Timothy H. Everett
Clinical Professor of Law

THE/lg

*An Equal Opportunity Employer*

65 Elizabeth Street
Hartford, Connecticut 06105-2290

Telephone: (860) 570-5165
Facsimile: (860) 570-5195
e-mail: carmen.arroyo@law.uconn.edu
web: www.law.uconn.edu