```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


BENNIE GRAY, JR.                    :
                                    :            PRISONER
     v.                             :   Case No. 3:07cv1097(PCD)
                                    :
COMMISSIONER OF CORRECTION          :
```

RULING ON MOTION TO REOPEN

Petitioner Bennie Gray, Jr., an inmate confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut, brings this habeas corpus action, pursuant to 28 U.S.C. § 2254, to challenge his conviction for manslaughter with a firearm.

Although the petition is phrased as a challenge to the actions of the state habeas court, federal law affords habeas corpus relief only on the ground that petitioner's continued incarceration or conviction is in violation of the Constitution or federal law.  28 U.S.C. § 2254(a).  The allegations in the petition support two challenges to Gray's conviction:  his plea was involuntary because the sentence he received was much longer that what he expected after discussions with counsel and he was afforded ineffective assistance of counsel because counsel failed to properly evaluate the merits of the case.

On December 21, 2007, the court granted respondent's motion to dismiss on the ground that the petition was filed beyond the limitations period.  On January 31, 2008, Gray filed a second

federal habeas petition challenging his conviction on the same grounds.  Gray v. Commissioner of Correction, 3:08cv165 (SRU). In response to respondent's request to have the petition transferred to the Court of Appeals as a second or successive petition, the court, Underhill, D.J., construed the petition as a request to reopen this action on the ground that the limitations period should be equitably tolled.  The second action was then transferred to the undersigned.  Gray now has filed a motion to reopen this action.  He contends that the limitations period should be equitably tolled and that the court used an incorrect start date when it calculated the limitations period.

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Gray does not identify any section of Rule 60(b) in his motion. Thus, the court assumes that he brings this motion pursuant to subsection(6), essentially seeking reconsideration of the dismissal of his petition.  To prevail, Gray must show

2

"extraordinary circumstances" that justify reopening this case. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1).  The limitations period begins on the later of the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed, or the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A) and (D).  The limitations period may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

Gray argues that the court used an incorrect start date for the limitations period.  He states that his federal petition is based on newly discovered evidence, namely the state court's finding that Gray was misled by counsel regarding the consequences of his plea because he was sentenced to a term of incarceration in excess of what he expected to receive after discussions with his attorney.

While the state court made this determination on July 23, 2004, Gray was aware of the conversations with his attorney and the difference between his expectations and the sentence imposed

3

on the day of sentencing.  Thus, the factual basis for his claim was known to Gray from the time of sentencing.  The fact that a state court judge agreed with his claim, is not newly discovered evidence.  Thus, as this court previously determined, the limitations period commenced on the day Gray's conviction became final.

The court set forth a detailed calculation of the limitations period in the ruling granting respondent's motion to dismiss and only summarizes the relevant dates.  See Doc. #19 at 2-4.  Gray was sentenced on November 18, 1998.  His conviction became final on December 7, 1998, at the conclusion of the time within which he could have, but did not, file a direct appeal.  Thus, the limitations period commenced on December 8, 1998.  Gray filed his first state habeas petition, and tolled the limitations period on October 28, 1999.  At this time, 324 of the 365 days had elapsed.  Gray filed a second state habeas petition while the first still was pending.  Thus, the limitations period continued to be tolled.[1]  The state court denied Gray's petition for

---

[1] On August 14, 2000, the state court granted Gray's petition for certification to appeal the denial of the first habeas petition.  In the order transferring Gray's second federal habeas petition to the undersigned, the court, Underhill, D.J., suggested that this petition might still be pending because there is no indication on the state court docket that the case was closed.

State rules of practice provide that, when a petition for certification is granted under Conn. Gen. Stat. § 52-470(b), the petitioner must file the appeal within twenty days.  See Ramos v. Commissioner of Correction, 248 Conn. 52, 53, 727 A.2d 213, 213

certification to appeal the denial of the second state habeas petition on October 18, 2001. Because Gray did not appeal the denial of certification, the limitations period began to run again on November 7, 2001, at the expiration of the time within which Gray could have filed an appeal. At this time, there were 41 days remaining in the limitations period. The limitations period expired on December 18, 2001. On January 25, 2002, Gray filed a third petition for writ of habeas corpus in state court. Because the limitations period already had expired, the filing of the third state petition could not toll the limitations period.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

---

(1999) (citing Connecticut Practice Book § 80-1).  Absent such filing, the judgment dismissing the habeas action is a valid final judgment.  See Buster v. Commissioner of Correction, 26 Conn. App. 48, 50-51, 596 A.2d 943, 945 (1991) (noting that, where petitioner was granted certification to appeal to Court of Appeals and failed to do so, judgment rendered in trial court was valid final judgment).  Thus, the first habeas action terminated for statute of limitations purposes on September 3, 2000, at the conclusion of the time within which Gray could have filed his appeal.

Gray contends that he was denied legal assistance.  He states that he was unaware, when his filed this action, of the limitations period for filing a federal habeas petition.  He attaches to his motion copies of letters from Inmates' Legal Assistance Program and the University of Connecticut Law School Criminal Clinic declining assistance.  Legal assistance for prisoners challenging their sentences in state court is provided by the Office of the Public Defender, not Inmates' Legal Assistance Program.  The denials of assistance provided by Gray do not show that he could not obtain information regarding the procedures for filing a federal habeas action from the Office of the Public Defender.

Further, Gray's lack of access to a law library and unfamiliarity with federal law do not constitute extraordinary circumstances that would toll the limitations period and warrant reopening this case.  See, e.g., Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (limited access to legal assistance is not so extraordinary to merit equitable tolling); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances").

Accordingly, Gray's motion to reopen [**doc. #23**] is **DENIED**.  The court concludes that jurists of reason would not find it debatable that Gray timely filed this petition.  Thus, a

6

certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED** this   30th   day of June 2008, at New Haven, Connecticut.

>        /s/
> Peter C. Dorsey
> United States District Judge